FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 14, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAESHAWN SINGH-FLETCHER,<br><br>                Petitioner,<br><br>v.<br><br>OZZIE KNEZOVICH,<br>                Respondent. | No. 2:22-CV-00217-MKD<br><br>ORDER DISMISSING PETITION WITHOUT PREJUDICE |

Defendant filed a Petition for Writ of Habeas Corpus on September 30, 2022. ECF No. 1. The $5.00 filing fee has been paid. Respondent has not been served.

On October 27, 2022, the Court issued an Order advising Petitioner Jaeshawn Singh-Fletcher, a prisoner at Spokane County Detention Services, of the deficiencies of his *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. *See* ECF No. 5. The Court provided Petitioner with the opportunity to amend his deficient pleading within sixty days. ECF No. 5. Petitioner was cautioned that his failure to comply with the Order to Amend Petition would result in the dismissal of his petition. ECF No. 5 at 7.

ORDER – 1

Petitioner did not comply by the due date of December 27, 2022. Thus, Petitioner has failed to demonstrate that he has exhausted his state court remedies before as required under the principles of comity and federalism. *See Coleman v. Thompson,* 501 U.S. 722, 730 (1991), *holding modified on other grounds by Martinez v. Ryan*, 566 U.S. 1 (2012). Consequently, the Petition is denied without prejudice for failure to exhaust state court remedies. *See Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 489-93 (1973) (discussing the exhaustion doctrine's purpose in "preserv[ing] the role of the state courts in the application and enforcement of federal law" and "preventing the interruption for state adjudication by federal habeas proceedings" (internal quotation marks omitted)); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

Accordingly, **IT IS HEREBY ORDERED**:

1. The Petition, **ECF No. 1**, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

2. The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** the file.

3. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**.

ORDER – 2

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and provide copies to Petitioner at his last known address.

**DATED** March 14, 2023.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER – 3